# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL ACTION NO. 1:25-CV-00109-KDB

**CHRISTINE W. AKERS,**

    **Plaintiff,**

    **v.**

**FRANK BISIGNANO,**
**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

**<u>MEMORANDUM AND</u>**
**<u>ORDER</u>**

**THIS MATTER** is before the Court on Plaintiff Christine Akers' Motion to Alter Judgment (Doc. No. 14) pursuant to Federal Rule of Civil Procedure 59(e) after the Court denied her Social Security disability appeal and affirmed the Commissioner's opinion. In support of her motion, she alleges that the Court committed two clear errors of law in denying her appeal.

Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend may only be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Further, a party's disagreement with the Court's decision is not a basis for granting a Rule 59(e) motion. *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993). Indeed, "[w]here a motion does not raise new arguments, but merely urges the court to change its mind, relief is not authorized." *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002), *aff'd,* 86 F. App'x.

1

665 (4th Cir. 2004) (quoting *United States v. Williams,* 674 F.2d 310, 312 (4th Cir.1982)) (internal quotations omitted).

In part, Akers reiterates the arguments raised in her appellate briefing—namely, that (1) the ALJ failed to reconcile internal inconsistencies within the Residual Functional Capacity ("RFC") regarding her assessed functional limitations and the Vocational Expert's testimony that she contends confine her to sedentary rather than light work, and (2) the ALJ did not conduct the symptom evaluation required by SSR 16-3P because his analysis relied exclusively on objective medical evidence. These arguments do not satisfy the standard for reconsideration under Rule 59(e), and the Court declines to revisit them.[1]

The Court notes, however, that a material inconsistency exists between its interpretation of the RFC and the ALJ's explanation of it. *See* Doc. No. 14 at 2 ("This Court acknowledged that the ALJ limited Plaintiff to standing and walking for a combined total of five hours in an eight-hour workday."). After finding the medical examiner Dr. Eyassu's opinion that Akers could "stand/walk

---

[1] Akers correctly notes that a footnote in the Court's prior Order contained two erroneous citations, however, those citations were offered merely as additional support and were not material to the Court's reasoning or its ultimate conclusion. Nevertheless, for the sake of clarity and completeness, the Court provides a corrected footnote (in relevant part):

> Although Akers is restricted from performing the full range of light work, the RFC fits squarely within SSA regulations, and many ALJs have determined that plaintiffs can do light work when they can stand or walk for less than six hours per workday. *See Darris B. v. Saul,* No. 2:19CV577, 2020 WL 7268577, at *12 (E.D. Va. Nov. 17, 2020), *report and recommendation adopted,* No. 2:19CV577, 2020 WL 7265849 (E.D. Va. Dec. 10, 2020) (ALJ determined the plaintiff could perform light work where he could stand and walk for four hours per day); *Pack v. Berryhill,* No. 1:18CV191, 2019 WL 1099707, at *4–6 (M.D.N.C. Mar. 8, 2019) (affirming ALJ's determination that the plaintiff could perform light work despite a restriction in the RFC that she could stand and walk for only four hours per day); *Jackson v. Astrue,* No. 5:11-CV-185, 2012 WL 6599597, at *8 (N.D.W. Va. May 22, 2012), *report and recommendation adopted,* No. 5:11CV185, 2012 WL 6599340 (N.D.W. Va. Dec. 18, 2012) (ALJ found plaintiff capable of light work where he could stand or walk for no more than five hours in an eight-hour workday).

2

for five hours total in an 8-hour workday," to be moderately persuasive and supported by his "thorough evaluation of the record," the ALJ adopted an RFC that is, without explanation, both more and less restrictive than this limitation. Doc. No. 4-2 at 21–22, 26. The RFC permits Akers to stand for up to three hours at a time and up to five hours total in an eight-hour workday and to walk for up to two hours at a time and up to five hours total in an eight-hour workday. *Id.* at 21, 25. The ALJ may well have intended to align the RFC with Dr. Eyassu's opinion—which identified Akers to have limitations in prolonged standing and walking. *See* Doc. Nos. 4-2; 4-8 at 274. But as written, the RFC would allow Akers to alternate between standing and walking for the full 8-hour workday because it does not restrict her to 5 hours of combined standing and walking.

Accordingly, because the ALJ's decision does not otherwise address or resolve this inconsistency, the Court concludes upon reconsideration that the RFC is not supported by substantial evidence.[2] To prevent manifest injustice, and pursuant to Rule 59(e), the Court will therefore **GRANT** Akers' Motion to Alter Judgment and remand the matter for a new hearing.

---

[2] To be clear, the Court does not hold that an RFC limiting Akers to 5 hours of combined standing and walking in an 8-hour workday would be unsupported by substantial evidence, nor does it hold that such a limitation necessarily confines a claimant to sedentary work. Rather, the Court remands so that the ALJ may more fully articulate his basis for concluding that Akers could stand and walk for up to an entire 8-hour workday or to otherwise clarify or modify the RFC.

## I.     ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Plaintiff's Motion to Alter Judgment (Doc. No. 14) is **GRANTED**;

2.  The Commissioner's decision denying Plaintiff's application for disability and other benefits is **REVERSED**; and

3.  The matter is **REMANDED** to the ALJ for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 19, 2026

Kenneth D. Bell
United States District Judge

4